E-FILED
Wednesday, 10 April, 2013 12:22:56 PM
Clerk, U.S. District Court, ILCD

In The United States District Court
for The Central District of Illinois Springfield

Jermaine D. Carpenter,
    Plaintiff.

No. 13-3094

VS.

Alfreda Kibby, Eugene McAdory, Sandra Simpson, IDHS, Robert Smith, J. Angel, J. Wilson, M. Eckgott, Arendt, Mayes, Chenoweth an Liberty Healthcare., J. Clayton
    Defendant(s)

## Plaintiff's Individual Complaint

Now comes plaintiff Jermaine D. Carpenter by and through himself acting on his own behalf to file his individual complaint, plaintiff states as follows:

### Statement of Claim

This complaint asserts a civil rights action pursuant to title 42 of the United States code, section 1983 for the violation of the certain civil rights as guaranteed [sic] under the United States constitution and the Illinois constitution, as well as numerous and various federal and state codes and statutes.

Jurisdiction is based on 28 USC § 1331, a civil action arising under the United States constitution and, under other federal laws and pendant jurisdictions of civil actions arising under the Illinois constitution an other states statutes. All claims are based in violation of federally secured rights, federal questions, and in violation of the same or similar rights guaranteed additionally by the state of Illinois.

### Parties Involved

1). Plaintiff's name: Jermaine D. Carpenter
    a. Is and adult;

Pg ①

b. Is a United States Citizen;
c. Resides in Rushville Treatment and Detention Facility;
d. Is located in Schuyler County, Illinois; and
e. Is being held, detained to the custody of the state of Illinois pursuant to the Illinois Sexually Violent Persons Committment Act (725 ILCS 207/30) [SIC].

2). <u>Defendant Parties</u>
The parties defendants consist of:
1). Liberty Healthcare
2). Alfreda Kibby
3). Eugene McAdory
4). Sandra Simpson
5) IDHS
6). Robert Smith
7). J. Angel
8). J. Wilson
9). M. Erhgott
10). Arendt
11). Mayes
12). Chenoweth
13). J. Clayton

3). IDHS is joined as a party defendant based on the following;
A. IDHS is the caregiver and legal guardian of the plaintiff pursuant to the Illinois Sexually Violent persons Committment act;
B. IDHS failed and continue to fail to provide the plaintiff with a peaceful environment that is free from harrasment, retaliation, discouragement and intimidation for excersising his 1st amendment right to redress the government for grievance
C. Allow the security therapy aids to run the facility as if it were a prison, which is in some ways more restrictive than a prison or jail. Instead of Liberty and Mental Health running as a treatment facility instilling treatment instead of punishment.

pg ②

d. falsifying document (ticket) for intimidation or threat and putting plaintiff under investigation for it and keeping the plaintiff locked in the cell for more than 90 days without his property and other restrictions.

E. Being punched in the mouth by staff who decided to use excessive force maliciously and sadistically to cause harm and not in a good faith effort to maintain or restore discipline.

f. Constantly shaking plaintiff down under the false pretense that he's a serious threat, and to assure that plaintiff has none of his property including hygiene items, pens, legal work, clothes, t.v., radio, fan etc.

4) <u>Liberty Healthcare</u>

A. Liberty Healthcare is joined as a party defendant and is currently the treatment provider of this facility.

B. Liberty allows security to run this facility in a way that focuses more on punitive measures and restrictive measures that discourages treatment.

5) <u>Alfreda Kibby</u>

A. Alfreda Kibby is joined as a party defendant and was currently the facility Director at the time of the incidents identified in this complaint.

B. Was written numerous letters to defendant Kibby about how I was being mistreated and my letters were constantly being ignored and disregarded.

Pg. ③

6). **Eugene McAdory**
   A. Eugene McAdory is an ex-security Director who was the security Director at the time of incidents complained of in this complaint.
   B. Eugene McAdory is joined as a party Defendant based on the above.

7). **Sandra Simpson**
   A. Sandra Simpson is joined as a party defendant based on the following:
   B. Refused or ignored the plaintiff's relief request in his grievance to know who the STA was who punched him in the mouth, and he had to find out the name on his own.

8). **Robert Smith**
   A. Robert Smith is joined as a party defendant based on the following.
   B. Security therapist Aid Robert A. Smith decided to use excessive force on the plaintiff maliciously an sadistically to cause harm and not in a good faith effort to maintain or restore discipline.

9). **J. Angel**
   A. J. Angel is joined as a party defendant based on the following.
   B. STA J. Angel participated and was and accessory to excessive force against the plaintiff.

10). <u>J. Wilson</u>
   A. J. Wilson is joined as a party defendant based on the following.
   B. Sta J. Wilson participated and was an accessory to excessive force against the plaintiff.

11). <u>J. Chenoweth</u>
   A. J. Chenoweth is joined as a party defendant based on the following.
   B. Sta J. Chenoweth participated and was an accessory to excessive force against the plaintiff.

12). <u>M. Mayes</u>
   A. M. Mayes is joined as a party defendant based on the following.
   B. Sta M. Mayes participated and was an accessory to the excessive force against the plaintiff.

13). <u>James Clayton</u>
   A. James Clayton is joined as a party defendant based on the following.
   B. Clayton is responsible for falsifying the charges of intimadation/threat that initiated all of the problems that are to be mentioned in this claim.

14). <u>ElGott</u> And <u>Arendt</u> is joined as party defendants based on them being an accessory to harrassment and taking all of the plaintiffs property.

pg. ⑤

14). All currently unknown and thus unnamed defendants;
    A. This complaint includes all those actors and defendants that are not currently known to the plaintiff as having had direct knowledge or to have directly participated in the events and actions complained of thus preventing the plaintiff from naming them now.

    B. Plaintiff reserve the right to amend this complaint with the currently unknown defendant,s as he becomes aware and known to him through discovery and the prosecution of this complaint.

    C. All party defendants, Liberty Healthcare, Alfreda Kibby, Eugene Mc Adory, James Clayton, Chenoweth, Mayes, Arendt, Eshgott, IDHS, S. Simpson, Robert Smith, J. Wilson on Sta J. Angel, as well as all those currently unknown and thus currently unnamed defendants are sued in both their official and individual capacities. At all times pertinent hereto, these defendants were acting under color of law.

## I. Litigation History

The party plaintiff have not brought any other cases or legal action in state or federal court that deals with the same events and actions complained of herein;

## II. Exhaustion of Remedies & Statement of Facts

1). There is a grievance procedure at this facility.

2). The plaintiff is not a prisoner, and are not required to exhaust administrative Remedy under PLRA before seeking Remedy relief with the court.

3). The grievance examiner, defendant Sandra Simpson has publically declared that the grievance procedure is something that the plaintiff have no constitutional right to, and as such, she's not under any obligation to hear any grievances & file.

4). Defendant Simpson has deliberately fostered an environment of retaliation and threats of reprisal for the filing of grievances to prevent and deter any grievances from being filed at all.

5). For all the foregoing reasons stated above, yes, this is completed and the plaintiff have no reason to expect any relief from any type of administrative remedy.

## Statement of Facts And Claims

1). Plaintiff is a patient detained unlawfully under the Illinois Sexually Violent Persons Committment Act ("SVP") or ("The Act") and as such are under control and custody of the Illinois Department of Human Services has become the legal gaurdian of the plaintiff under the act and as such the IDHS has an affirmative duty to provide for the care and security (safety) of the herein identified plaintiff in this complaint.

2). The plaintiff in this complaint are not sexually dangerous person sent to or found within the IDOC, but rather persons classified as civilians with the bulk of majority of his civil rights restored to him following incarceration from IDOC, including the right to participate in elections, to sue and to be sued and is presently housed within a Mental Health Operated by IDHS and not in any way under the color or custody of the Department of Corrections.

pg. ①

3). The plaintiff in this suit seek relief and redress for the unsafe, environment that lacks proffesional judgement, is unorganized, threatening circumstances in this situation that threatens the safety of his person, his mental Health as the entire Staff practice punitive and severe restrictive measures, constantly reminding plaintiff that he is in a prison an not a treatment facility.

4). Plaintiff was locked up on Temp Secure Status continuously for over 30 days starting on May 28, 2011 for false charges of Threats & Intimidation because supposedly, accurasations were made to do bodily harm to some Sta's and Clinical Staff in which plaintiff was totally innocent of.

5). During this time plaintiff was locked up on Temp Secure Status he was deprived of all of his property from May 28, 2011 up until around sometime in June 24th or later when the U.S. District Court for the Northern District Court, the honorable Judge John A. Nolberg issued an order Asking the facility to provide the plaintiff with access to his legal material to respond to a motion to dismiss

6). The Courts order dated June 24, 2011 was in response to the motion to Compel that was prepared by another resident because the plaintiff was constantly being shaken down to make sure that he had no ink pens, writing paper, mail, hygienes, or any property other than a matress, sheet, jumpsuit (yellow) underwear.

Pg. 8

7). Although the false Allegations for Threats and Intimidation were never proven & All defendants was aware that plaintiff wasn't a threat, Staff was still instructed by Defendant Eugene McAdory to make sure that plaintiff had no property in his assigned cell, as this campaign continued on against the plaintiff, plaintiff had excessive force used against him on a Shakedown, the excessive force was not used "in a Good faith effort to maintain or restore discipline" but instead was used to "maliciously and sadistically cause harm."

8). On the date of June 25, 2011 plaintiff was being shaken down by Staffs Chenoweth, Wilson, Mayes & Staff (John Doe) who the plaintiff recently found out name is Defendant Robert Smith who are all on the ERT Team. Staff J. Angel was holding the camera, taping the entire incident.

9). While shaking down the cell Staff Robert Smith began taking the plaintiff's mail that I had recieved from my family & other personal mail I recieved, as I began to complain, Defendant Robert Smith told me that if it wasn't legal mail or legal material it was being confiscated.

10). I explained to him (Defendant Robert Smith) that I was allowed to recieve my personal mail. Staff Defendant Smith got aggitated with my complaining and had me removed from in view of the shakedown and into the dayroom, during this shakedown these staff took everything out of the cell and left the plaintiff with Nothing else except his matress & sheets.

pg. (9)

11). Once the shakedown was over and everything was taken from me, I was brought back to the cell. As I stood in the door way waiting on the door to close. STA IV K. Parker (NOT a defendant) got on the intercom of the cell and asked me what was going on?

12). As I was explaining to her what was happening STA I defendant Robert Smith began raising his voice at me, telling me to shut up when I know I have a right to speak. As I continued to speak to Sta IV K. Parker about what was going on - defendant Robert Smith kept raising his voice at me, telling me to shut up, as I continued to talk to Sta IV K. Parker - he lost patients and hit me in the mouth and grabbed me by the mouth to try to make me shut up.

13). In the plaintiff's grievance he wrote concerning, he didn't know whether defendant Chenoweth, Mayes or Wilson hit him or not and was sure that it was defendant Robert Smith who punched me in the mouth.

14). Defendant Sandra Simpson disregarded the plaintiff request to know who (John Doe) defendant was in his grievance. And Defendant James Clayton refused to investigate the matter as well, being that he is internal affairs investigator. And Liberty Healthcare are allowing security to run this program like a prison, making it punishment & not about treatment.

Pg. (10)

15). Plaintiff was given (1) one shakedown slip to show all of his property was being taken from him. And this shakedown was conducted by defendant Arendt and Erhgott who took paper, letters I wrote to defendant Alfreda Kibby complaining to her about how I was being punished an mistreated by staff who wouldn't even give me a shower or anything at the time.

Count One
42 U.S.C. section 1983
"violation of substative Due Process"

A). Plaintiff realleges paragraphs 1-14, 1-5 and 1-15 as set forth herein

B). In acting in the manner described above, the individual defendants violated the plaintiff's right to have proffessional judgement excersised in violation of plaintiff rights to the 14th amendment and 8th amendment to the United States constitution, no reasonable proffessional would have acted in the manner defendants did;

C). Plaintiff rights to equal protection under the law was violated where other similarly situated patients are not being mistreated, punished constantly like this since he arrived here at TDF in March 2009 which has been very oppressing and discouraging for plaintiff.

Pg. (11)

## Count Two
### ("Declatory Judgement")

d). Plaintiff realleges paragraphs 1-15 as set forth fully herein.

E). There is an actual controversy between the parties requiring the court to declare the rights and their other legal relation of the parties.

## Count Three
### ("Injunctive Relief")

F). Plaintiff Realleges paragraphs 1-14, 1-5 and 1-15 an as set forth fully herein.

G) Unless enjoined from doing so, defendants will continue to willfully violate the rights of plaintiff. These continuing violations constitute irreparable injury for which plaintiff has no adequate remedy at law.

H). Declare that the acts or inactions of the defendants described herein have violated an continue to violate plaintiff's rights under the 14th amendment.

I). Enjoin defendants from engaging in any action or conduct or from failing to act in anyway, that violate the plaintiff's rights as deliarated above.

J). Order defendants to take all necessary actions to remedy the violations of his above mentioned rights, including;

    1). State the reasons why the plaintiff was on lockdown continuously for more than 80 day when it was never told to him who he threatened And Intimidated.

2). State why this facility focuses on running this place like a prison, focusing on punitive & severe restrictive measures instead of treatment.

3). The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the ~~conduct~~ conduct of the named defendant in this claim.

## PRAYER FOR RELIEF

K). Wherefore, the plaintiff respectfully prays that this honorable court enter judgement granting plaintiff;

L). A declaration that the action an omissions described herein violated Plaintiff's rights under the constitution and laws under the United States.

M). Compensatory damages in the amount of $1,000,000 against each defendant in their individual and official capacity.

N). Punitive damages in the amount of $1,000,000 against each defendant in their individual an official capacity.

O). A jury trial on all issues triable by jury.

P). Plaintiff's cost in this lawsuit.

Q). Award plaintiff cost and reasonable Attorney's fees pursuant to 42 USC §1988;

Any other additional relief this court deems just and proper, and adequate.

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 10 C 4683 | DATE | June 24, 2011 |
| CASE TITLE | Jermaine Carpenter vs. Dorothy Brown | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to compel access to his legal materials [27] is denied without prejudice. The clerk is directed to send a copy of this order to the administrative office of Rushville Treatment and Detention Facility, and the Court requests that Plaintiff be provided with his legal materials in accordance with Rushville's policies and procedures.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

Currently pending before the Court is a motion to dismiss this case filed by the Defendant Dorothy Brown, and Plaintiff Jermaine Carpenter's motion to compel Rushville Treatment Center officials to provide Plaintiff access to his legal materials. Plaintiff states that he is in a stripped cell without access to his materials. (See Doc. #27.) The Court does not know the reasons for Plaintiff being in a stripped cell; nor does the Court know the procedures at Rushville regarding access to legal materials for a detainee who is so confined. See *Thomas v. Ramos*, 130 F.3d 754, 764 (7th Cir. 1997) ((courts are reluctant to interfere with the day to day administration of a facility). The Court has already granted Plaintiff an extension of time to respond to the motion to dismiss. (Doc. #28.) Furthermore, there is no per se right of access to legal materials. See *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Nevertheless, the Court certifies that Plaintiff has a case pending before it, that he has been directed to respond to a motion to dismiss, and that he should be allowed access to his legal materials in accordance with facility rules and regulations. Accordingly, the Court directs the clerk to mail a copy of this order to the administrative office of Rushville, and the Court requests that Plaintiff be provided with his legal materials in accordance with the facility's regulations and procedures.

isk

**State of Illinois**
**Department of Human Services**

# TDF Resident Grievance

| Name of Resident: Jermaine D. Carpenter | ID #: 55411 | Date of Incident Occurrence: June 25, 2011 | Unit: SM | POD: 2-KM-3 |
|---|---|---|---|---|
| Date Received: 7-5-11 | | Grievance #: 0711 GR 0341 | | |

Nature of Grievance
☐ Personal Property  ☑ Staff Conduct  ☐ Mail Handling  ☐ Meals  ☐ Medical  ☑ Other: (Specify): Assault & Battery
☐ Behavior Committee Appeal     Report Date: _____
(Attach copy of Behavior Committee Decision.)

Use only this form to give a BRIEF Summary of Grievance:

On the date of June 25, 2011, I was shaken down by STA I's Chenowith, Wilson, Mayes & STA I (John Doe) who are all on the Uct Team. STA I Angel was holding the camera. While shaking down the cell STA I (John Doe) began taking my mail that I had recieved from my family & other personal mail I recieved. As I began to complain, he told me that, if it wasn't legal mail or legal material it was being confiscated. I explained to him that I was allowed to recieve my personal mail. STA I (John Doe) got aggitated with my complaining, an had me removed from in view of the shakedown & into the dayroom. Once the shakedown was over, I was brought back to the cell; as I stood in the doorway waiting for the door to close, STA IV K. Parker got on the intercom and asked me what was going on? As I was explaining to her what was happening STA I (John Doe) began raising his voice at me, telling me to shut up when I know I have a right to speak. As I continued to speak to STA IV K. Parker about what was going on - John Doe kept raising his voice, telling me to shut up as I continued to talk, he finally lost patients and hit me in the mouth an then grabbed me by the mouth to try to make me shut up, I know it wasn't Chenowith, Mayes, Wilson or Angel that did this.

Relief Requested: NOTE: RELIEF THAT ADVISES DISCIPLINARY ACTION BE TAKEN AGAINST AN EMPLOYEE WILL NOT BE CONSIDERED "PERSONAL" RELIEF

I would like to have the video footage on 6/25/11 preserved for future litigation. Times: Between 6:00pm and 8:00pm. I would also like to know the name of STA I (John Doe) who hit me.

☐ Check only if this is an EMERGENCY grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

Resident Signature: [signature]     Date: July 03, 2011

IL462-5001 (R-7-07)     Distribution: Master File; Resident     Page 1 of 2

State of Illinois
Department of Human Services

# TDF Resident Grievance



Grievance Examiner's Response:

RESPONSE ATTACHED

CARPENTER, J.
07 11 0341

Grievance Examiner's Signature: _Sandra Simpson_ Date: 11/09/2011

PROGRAM DIRECTOR'S RESPONSE

Date Received: _____
Program Director's Decision: Grievance: ☐ Upheld ☐ Denied *Partially resolved*
Behavior Committee Decision Appeal: ☐ Upheld ☐ Denied
Response:

Program Director Signature: _Gregg S._ Date: 11/10/11

NOTE: If appealing the Program Director's Decision, please attach the Grievance Appeal Form and forward to Grievance Examiner

PROGRAM ADMINISTRATOR'S RESPONSE

Date Received: _____
Program Administrator Concurs With The Program Director's Decision: ☐ Yes ☐ No
Response:

Program Administrator Signature: _____ Date: _____

State of Illinois
Department of Human Services

# TDF Resident Grievance

 07 11 GR 0341



The resident grieved on 6/25/2011, I was shaken down by STA's Chenoweth, Wilson, Mayes & STA I (John Doe) who are all on the ERT Team. STA Angel was holding the camera. While shaking down the cell STA I (John Doe) began taking my mail that I had received from my family and other personal mail I received. As I began to complaint he told me that if it wasn't legal mail or legal material it was being confiscated. I explained to him that I was allowed to receive my personal mail. STA I (John Doe) got agitated with my complaining and had me removed from in view of the Shake down and in the Day Room. Once the Shake down was over, I was brought back to the room. As I stood in the doorway waiting for the door to close, STA IV Parker got on the intercom and asked me what was going on ? As I was explaining to her what was happening, STA I (John Doe) began raising his voice at me, telling me to shut up when I know I have a right to speak. As I continued to speak to STA IV Parker about what was going on, John Doe kept raising his voice telling me to shut up as I continued to talk, he finally lost patience and <u>hit me in the mouth</u> and then grabbed me by the mouth to try to make me shut up. I know it wasn't Chenoweth, Mayes, Wilson, or Angel that did this.

Grievant's requested relief is I would like to have the video footage on 6/25/2011, preserved for future litigation. Times between 6:00pm and 8:00pm. I would also like to know the name of the STA I (John Doe) who hit me.

Per administrative review, I was informed the video footage was requested. Resident Carpenter was seen by the nurse on 6/25/2011, who found a 'pin-prick' sized blood blister at the right corner of his mouth. He told the nurse one of the STAs 'grabbed' him by the mouth, injuring him. The STA's report resident Carpenter was being very argumentative, talking over staff, and interfering with the shakedown and causing confusion. He was given more than one direction to stop talking so the E.R.T. could speak to Control. No staff reported hitting him in the mouth. I am unable to determine from the reports that resident Carpenter was assaulted/hit in the mouth. The minor finding by the nurse does not suggest that he was "hit in the mouth." With he information I reviewed, I can't determine if anyone hit resident Carpentner.

It is recommended this grievance is partially Resolved: Video requested.

10-27-2011
GR  0341
CARPENTER, J.

\*\*\*\*\*\*RESIDENT COPY\*\*\*\*\*\*

# Withdraw Money
# Receipt #Y14

ILL. Treatment & Detention Facility

04/04/2013 10:29:14

ST 025 CD 001 | OPR 003

**CARPENTER,**
JERMAINE

DHS Number : 884011
Date of Birth :
Location : SM2

Cash Amount : $0.40

Comment: 7553--GRF/Legal Copies

Commissary Balance : $7.04
Debt Balance : $0.00

State of Illinois
Department of Human Services

# TDF Resident Grievance



Grievance Examiner's Response:

RESPONSE ATTACHED

CARPENTER, J.
07 11 0341

Grievance Examiner's Signature: _Sandra Simpson_  Date: 11/09/2011

## PROGRAM DIRECTOR'S RESPONSE

Date Received: _____
Program Director's Decision: Grievance: ☐ Upheld  ☐ Denied  Partially resolved
Behavior Committee Decision Appeal: ☐ Upheld  ☐ Denied
Response:

Program Director Signature: _Gregg S._  Date: 11/10/11

NOTE: If appealing the Program Director's Decision, please attach the Grievance Appeal Form and forward to Grievance Examiner

## PROGRAM ADMINISTRATOR'S RESPONSE

Date Received: _____
Program Administrator Concurs With The Program Director's Decision: ☐ Yes  ☐ No
Response:

Program Administrator Signature: _____  Date: _____

IL462-5001 (R-7-07)  Distribution: Master File; Resident  Page 2 of 2