UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JERMAINE CARPENTER, | ) |
| Plaintiff, | ) |
| v. | ) 13-CV-3094 |
| ALFREDA KIBBY, et al., | ) |
| Defendants. | ) |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to

state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

Plaintiff alleges that Defendant Clayton falsely accused Plaintiff of intimidation and threats causing Plaintiff to be confined to a cell without his property for more than 90 days. Whether this deprivation was sufficiently severe to implicate a constitutionally protected liberty interest cannot be made without more information. If a protected liberty interest was affected, Plaintiff had a right to procedural due process before his punishment was imposed— adequate notice of the charge, an opportunity to be heard and to present evidence to a neutral decision maker, a statement of reasons for the findings, and some evidence to support the findings. Wolff v. McDonnell, 418 U.S. 539, 564-65 (1974). At this point the Court cannot rule out a procedural due process claim.

Plaintiff also alleges that he was punched in the mouth by Defendant Robert Smith during a shakedown of Plaintiff's room. Defendants Angel, Wilson, Mayes, and Chenoweth were also

allegedly somehow involved in this use of force.  An excessive force/failure to intervene claim will proceed against Defendants Smith, Angel, Wilson, Mayes, and Chenoweth.

Additionally, Plaintiff alleges that he has been subjected to constant shake downs of his room and confiscation of his property for the purpose of harassing Plaintiff.  In a shakedown on June 25, 2011, Defendants Arendt and Erhgott took Plaintiff's letters and papers, and Defendant Smith took Plaintiff's legal papers.  Whether Plaintiff states a constitutional claim arising from the shakedowns and confiscations cannot be determined without more facts.

No plausible claims are stated against Liberty Healthcare, Alfreda Kibby, IDHS, or Sandra Simpson.  Defendant Simpson is not liable for failing to properly respond to Plaintiff's grievance.  *See* Antonelli v. Sheahan, 81 F.3d 1422, 1430  (7th Cir. 1996)("a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.")  IDHS cannot be sued under 42 U.S.C. § 1983 because IDHS is not a person.  .").  Johnson v. Supreme Court of Illinois, 165 F.3d 1140, 1141 (7th Cir.1999) ("states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983").  Defendant Kibby cannot be sued solely because

she was in charge.  Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983). Lastly, no plausible inference arises that Liberty Healthcare has an unconstitutional policy or practice which caused any of Plaintiff's constitutional deprivations.  Billings v. Madison Metropolitan School Dist., 259 F.3d 807, 816 (7th Cir. 2001)(municipality liable under § 1983 only if municipality had unconstitutional practice or policy which caused deprivation).

**IT IS ORDERED:**

    1.   The hearing scheduled for June 24, 2013 is cancelled. The clerk is directed to notify Rushville Treatment and Detention Center of the cancellation.

    2.   Pursuant to its review of the Complaint, the Court finds that Plaintiff states the following constitutional claims:  1) a procedural due process claim against Defendant Clayton arising from Plaintiff's confinement to a cell without property for over 90 days; and, 2) an excessive force/failure to intervene claim against Defendants Smith, Angel, Wilson, Mayes, and Chenoweth.  Plaintiff may also state a constitutional claim arising from the shakedowns

and confiscation of property, but that determination must await a more developed record.

3.  Defendants Liberty Healthcare, Alfreda Kibby, IDHS and Sandra Simpson are dismissed.  The Clerk is directed to terminate these defendants from the case.

4.  **If a Defendant fails to sign and return a Waiver of Service to the Clerk within 30 days after the Waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's Service on that Defendant and will require that Defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).**

5.  With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion.

7. Plaintiff shall serve upon any Defendant who has been served but who is not represented by counsel a copy of every filing submitted by Plaintiff for consideration by the Court and shall also file a certificate of service stating the date on which the copy was mailed. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a required certificate of service shall be struck by the Court.

8. Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

9. Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

10. Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO attempt service on Defendants pursuant to the standard procedures**.

ENTERED:  June 10, 2013

FOR THE COURT:

                                   **s/Sue E. Myerscough**
                                     SUE E. MYERSCOUGH
                         UNITED STATES DISTRICT JUDGE